IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JANET A. BONCI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:09cv101-WKW |
| | ) | |
| ARMY FLEET SUPPORT, | ) | |
| | ) | |
| Defendant. | ) | |

# RECOMMENDATION OF THE MAGISTRATE JUDGE

On 5 February 2009, Plaintiff Janet A. Bonci (Bonci) filed a seven count Complaint against Defendant Army Fleet Support (AFS). (Doc. #1). On 11 February 2009, this case was referred to the undersigned Magistrate Judge "for action or recommendation on all pretrial matters." (Doc. #2). On 9 April 2009, AFS filed a Motion to Dismiss, or in the alternative, Motion for Summary Judgment. (Doc. #10). On 11 May 2009, Bonci filed her Responses. (Docs. #15 &16). On 20 May 2009, AFS filed a Reply (Doc. #19) and on 17 June 2009, Bonci filed a Sur-Reply (Doc. #20). On 1 July 2009, Bonci filed a Motion to Amend the Complaint. (Doc. #21).

For the reasons stated below, it is the recommendation of the Magistrate Judge that the Motion to Dismiss, or in the alternative, Motion for Summary Judgment (Doc. #10) be GRANTED; Summary Judgment should be GRANTED as to claims one through four of the Complaint, and claims five through seven of the Complaint should be DISMISSED. In addition, the Motion to Amend (Doc. #21) is due to be DENIED as futile.

I.    **FACTS**

The Court has carefully considered all of the pleadings, evidentiary excerpts, and documents submitted in support and in opposition to the Motion.  Many of the facts submitted by the parties were irrelevant to the determinations made by the Court, making it unnecessary for the Court to repeat them.  Rather, the submissions of the parties, viewed in the light most favorable to the non-moving party, establish the following relevant facts:

Bonci was employed by AFS in 2005 and 2006 as a Material Specialist.  (Doc. #11-2 at 2).  On or before 19 March 2005, Bonci went on leave and applied for short-term disability benefits.  *Id.* at 2 & 14.  Bonci was transferred to the inactive department and then returned to work on 13 June 2005.  *Id*.

On 25 July 2005 Bonci received a Letter of Reprimand for excessive tardiness.  (Doc. #11-2 at 16).  Bonci made no challenge to the Letter.  On 25 October 2005, Bonci received a second Letter of Reprimand for an unauthorized absence from work.  (Doc. #11-2 at 16).  Bonci filed a grievance with her Union contesting this second letter of reprimand.  (Doc. #11-2 at 18).

On 3 January 2006, Bonci entered an Employee Assistance Program (EAP) after testing positive for a controlled substance.  (Doc. #11-2 at 19).  Bonci returned to work on 17 February 2006, *see* AFS Return to Work Slip (Doc. #11-2 at 21), and was informed by her Union on 6 April 2006, that they would no longer be pursing her grievance contesting the second Letter of Reprimand.  (Doc. #11-2 at 22).

2

On 2 June 2006, Bonci received a letter from the Equal Employment Opportunity Commission (EEOC) informing Bonci that, based on her call to the EEOC's national call center they were unable to determine whether Bonci's situation was covered by the EEOC. (Doc. #16-9).  The letter asked Bonci to respond to several questions and stated that failure to do so would result in the EEOC closing its files on the matter.  *Id*.  Also, the letter advised that the phone call did not constitute the filing of a charge with the EEOC.  *Id*.  It does not appear that Bonci ever submitted the requested information to the EEOC.

On 27 September 2006, Bonci received notice from AFS that they believed she had tested positive for amphetamines, a violation of the terms of her EAP agreement.  *See* (Doc. 11-2 at 27).  On 5 October 2006, Bonci submitted a letter of resignation.[1]  (Doc. #11-2 at 28).

On 6 August 2008, Bonci filed unfair labor practice charges with the National Labor Review Board (NLRB) against the Union and AFS.  See (Doc. #11-2 at 23).  Those charges were dismissed as out of time and that ruling was upheld on appeal.  *Id*.  On 5 November 2008, Bonci filed a complaint with the EEOC alleging that AFS discriminated against her because of a disability.  (Doc. #11-2 at 29).  Bonci alleged the discrimination took the form of AFS falsifying her drug tests.  *Id*.  On 6 November 2008, the EEOC dismissed Bonci's complaint as untimely filed.  (Doc. #11-2 at 30).

---

[1] Bonci maintains throughout this case that she was fired and did not resign.  However, the evidentiary submissions, even viewed in a light most favorable to Bonci, establish that she resigned.  It may be that she resigned before AFS could terminate her employment, but she did submit a letter of resignation, and she admits the resignation in a letter dated 23 September 2008 (Doc. #16-7 at 3).  Further, there was no claim for wrongful discharge,  so whether Bonci resigned or was terminated is not relevant.

On 5 February 2009, Bonci filed the present Complaint, alleging: discrimination based on disability (Count One); gender discrimination (Count Two); harassment (Count Three); continuous harassment (Count Four); and state law claims of deliberate concealment (Count Five), fraud with malicious intent to harm (Count Six), and "cause of action" (Count Seven). *See* Complaint (Doc. #1).

## II.    STANDARD OF REVIEW

Although the undersigned recommends both granting summary judgment and dismissing Bonci's complaint, the dismissal of Bonci's state claims is based on the Court's denial of supplemental jurisdiction.  The basis for that determination is discussed below. Thus, in this section the Court will only discuss the standard of review governing motions for summary judgment.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  "An issue of fact is 'genuine' if the record as a whole could lead a reasonable trier of fact to find for the nonmoving party.  An issue is 'material' if it might affect the outcome of the case under the governing law."  *Redwing Carriers, Inc. v. Saraland Apartments*, 94 F.3d 1489, 1496 (11th Cir.1996) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

4

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323.  The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  *Id*. at 322-23.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  *Id*. at 324.  To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  On the other hand, a court ruling on a motion for summary judgment must believe the evidence of the non-movant and must draw all justifiable inferences from the evidence in the non-moving party's favor.  *Anderson*, 477 U.S. at 255.  After the non-moving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c).

III.   **DISCUSSION**

   A.      **Summary Judgment**

      1.      **Disability Discrimination (Count One)**

AFS has moved for Summary Judgment based on their allegation that Bonci failed to

timely file a disability discrimination claim with the EEOC prior to filing this suit.  Bonci

counters that any delay in filing a claim is attributable to AFS's failure to turn over certain

records, and, thus, she is entitled to equitable tolling of the limitations period.

Disability discrimination claims are proper under the Americans with Disabilities Act

(ADA).[2]  "Timely filing a charge of discrimination is a prerequisite to bringing suit under

both Title VII and the ADA." *Maynard v. Pneumatic Products Corp.* 256 F.3d 1259, 1262

(11th Cir. 2001).   Further, "[n]o action alleging a violation of Title VII may be brought

unless the alleged discrimination has been made the subject of a timely-filed EEOC charge."

*Alexander v. Fulton County, Ga.*, 207 F.3d 1303, 1332 (11th Cir. 2000).  "An ADA plaintiff

has the burden of proving all conditions precedent to filing suit, including the condition that

[s]he timely filed with the EEOC." *Maynard*, 256 F.3d at 1262.  However, "filing a timely

charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal

court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and

---

[2]  The case law pertaining to Title VII of the Civil Rights Act of 1964 is relevant to case
law involving claims filed pursuant to the ADA because "[i]t is settled law that, under the ADA,
plaintiffs must comply with the same procedural requirements to sue as exist under Title VII of
the Civil Rights Act of 1964." *Zillyette v. Capital One Fin. Corp.*, 179 F.3d 1337, 1339 (11th
Cir. 1999).

equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 392 (1982).

AFS has alleged that Bonci failed to timely file these charges, thus Bonci bears the burden of proving compliance with the requisite preconditions. *Maynard*, 256 F.3d at 1262. Bonci admits failure to file the charges within the required time, but argues her claim is subject to equitable tolling.

"In order for equitable tolling to be appropriate, the facts must show that, in the period more than 180 days prior to filing her EEOC charge, [Bonci] had no reason to believe that she was the victim of unlawful discrimination." *Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 853 (11th Cir. 2000). "Equitable tolling is not appropriate when the plaintiff suspects that she may been discriminated against and is generally aware of her legal right to obtain redress." *Id*.

Bonci's disability claim revolves around alleged adverse changes in her job that occurred after she returned from short term disability leave in April of 2005.[3] *See* Complaint (Doc. #1 at 2-3). Thus, the alleged discriminatory acts in 2005 should have triggered an EEOC charge. Bonci filed her EEOC charge in November of 2008.

Bonci's only argument for equitable tolling is based on what she claims are records she received in 2008, that "would have proven [her] innocent and ended the Grievance." (Doc. #15 at 2). Bonci submits copies of lab reports from 2005 she claims show that her

_____

[3] Bonci never states in her Complaint from what disability she suffers. However, in an EEOC "EAS" questionnaire dated 22 September 2008, when asked to name her disability, Bonci states that she is a drug addict. (Doc. #16-9 at 4).

drug screening results were reported incorrectly by Prima Care and AFS. The documents Bonci has submitted appear to be part of a lab screening report which indicate that the subject of the tests was "positive" for Amphetamines and Methamphetamies. *See* Lab Results (Doc. #16-6). Regardless of what these lab results indicate, they do not relate to whether Bonci received adverse treatment as a result of her March 2005 short-term disability leave.[4]

Further, after providing the records this as evidence supporting her claim equitable tolling in her Reply brief, Bonci stated that she "did not file the current charges because [of] any thing that took place in 2005." (Doc. #15-15 at 3). This is contrary to the face of the Complaint which, under count one, only alleges disability discrimination following her short-term disability leave in 2005.

Bonci has not met the conditions precedent to filing suit and has failed to carry her burden of showing that she is entitled to equitable tolling.[5] Accordingly, Defendants are entitled to summary judgment on Count One of the Complaint.

### 2. Gender Discrimination, Harassment, and Continuous Harassment (Counts two through four).

Defendant moves for summary judgment on these claims based on Bonci's failure to

---

[4] Bonci's short-term disability in March of 2005 was not related to the failed drug tests, but rather to what she described as "very heavy and pain [sic] during menstral [sic] peroid [sic]." (Doc. #11-2 at 14). Later, in December of 2005, Bonci did file for short-term disability benefits alleging her own drug use as the illness. (Doc. #16-5 at 2). That short term disability application is not however, related to the facts of Count One.

[5] In fact the Court is not convinced Bonci has even stated a claim upon which relief may be granted.

file charges of gender discrimination, harassment, and continuous harassment with the EEOC prior to making these charges in the present action.  Defendant also argues that, even were the Court to construe Bonci's EEOC claim to include charges of gender discrimination, harassment, and continuous harassment, Bonci's EEOC charge was filed more than 180 days after the alleged offense and it thus out of time.

"[A] private plaintiff must file an EEOC complaint against the discriminating party and receive statutory notice from the EEOC of his or her right to sue the respondent named in the charge." *Forehand v. Fl. State Hosp. at Chattahoochee*, 89 F.3d 1562, 1567 (11th Cir. 1996).  "The purpose of this exhaustion requirement 'is that the [EEOC] should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts.'" *Gregory v. Georgia Dept. of Human Resources*, 355 F.3d 1277, 1279 (11th Cir. 2004) (quoting *Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 929 (11th Cir.1983)).  Thus, "[n]o action alleging a violation of Title VII may be brought unless the alleged discrimination has been made the subject of a timely-filed EEOC charge." *Alexander v. Fulton County, Ga.*, 207 F.3d 1303, 1332 (11th Cir. 2000).

"EEOC regulations provide that charges should contain, among other things, '[a] clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices.'" *Id.* at 1332 (quoting 29 C.F.R. § 1601.12(a)(3)). A review of Bonci's EEOC compalint reveals nothing related to gender discrimination, harassment, or

9

continuous harassment. As stated above, Bonci's EEOC complaint relates to her drug testing and her allegations that AFS falsely reported the results of the tests. Bonci claims the actions by AFS are motivated by disability discrimination.

The Court can consider Bonci's newly raised claims only if they are "like or related to, or grew out of, the allegations contained in her EEOC charge." *Gregory*, 355 F.3d at 1279-80. Bonci's claims of gender discrimination, harassment, and constant harassment are not like or related to her disability discrimination claim and would not reasonably have grown out of her EEOC charge. Accordingly, AFS is entitled to summary judgment on Counts Two, Three, and Four of the Complaint.[6]

**B     Dismissal of the State Law Claims (Counts Five, Six, and Seven).**

AFS moves for dismissal or summary judgment of Bonci's state law claims by alleging that her tort claims are preempted by § 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (2002) and are time-barred, or in the alternative, AFS requests the Court decline supplemental jurisdiction over Bonci's state law claims.

Bonci's state law claims are titled: "Deliberate Concealment"; "Fraud with Malicious Intent to Harm"; and "Cause of Action." *See* Complaint (Doc. #1 at 5-7). The Court need not determine whether Bonci's state claims are preempted by § 301, because the exercise of this Court's supplemental jurisdiction would be inappropriate.

---

[6]  Further, even were the Court to construe Bonci's EEOC complaint to include allegations of gender discrimination, harassment, and constant harassment, her EEOC complaint was untimely filed and Defendant would still be entitled to summary judgment. *See supra*.

10

For a federal court to exercise pendent or supplemental jurisdiction over state law claims, "the court must have jurisdiction over a substantial federal claim and the federal and state claims must derive from a 'common nucleus of operative fact.'"  *L.A. Draper and Son v. Wheelabrator Frye, Inc.*, 735 F.2d 414 (11th Cir. 1984) (quoting *Jackson v. Stinchcomb*, 635 F.2d 462, 470 (5th Cir. 1981) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966))).  The exercise of supplemental jurisdiction is discretionary.  *Id.* at 726.  "If the federal claims are dismissed prior to trial, *Gibbs* strongly encourages or even requires dismissal of the state claims."  *L.A. Draper and Son*, 735 F.2d at 428.

In view of the Court's determination that AFS is entitled to summary judgment on all of Bonci's federal claims, Bonci's pendent state law claims in Counts Five, Six, and Seven are due to be dismissed.  *Gibbs,* 383 U.S. at 726 ("[I]f the federal claims are dismissed prior to trial . . . the state claims should be dismissed as well."); *see also Ray v. Tennessee Valley Authority*, 677 F.2d 818 (11th Cir. 1982).

### C.    Motion to Amend Complaint.

On 1 July 2009, Bonci filed a Motion to Amend Complaint (Doc. #21).  In her Motion, Bonci requests permission to add Advanced Toxicology Network, Primecare, and IAM Machinist Union Local Lodge 2003 as defendants in this action and add Conspiracy (Count Eight) and Conspiracy to Commit Fraud (Count nine) counts to the complaint. Attached to the Motion is a copy of a proposed Amended Complaint.  The Amended Complaint merely adds facts involving the proposed additional defendants in Counts Five

11

and Six of the original Complaint.

While "leave to amend is 'freely given when justice so requires,' it is 'not an automatic right.'" *Reese v. Herbert*, 527 F.3d 1253, 1263 (11th Cir. 2008) (quoting Fed.R.Civ.P. 15(a) (2006) and *Faser v. Sears, Roebuck & Co.*, 674 F.2d 856, 860 (11th Cir. 1982)). "A district court may, in the exercise of its inherent power to manage the conduct of litigation before it, deny such leave where there is substantial ground for doing so, such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Id.* (internal quotations omitted).

The Court finds that the amendment would be futile. "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Cockrell v. Sparks*, 510 F.3d 1307, 1311 (11th Cir. 2007) (citing *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir.2004). The Court has already determined that, based on the grant of summary judgment as to counts one through four of the complaint, Bonci's remaining state court claims are due to be dismissed. To the extent this proposed amended complaint would add facts, parties, and counts to the state law claims, it would not change the determination that this Court should deny supplemental jurisdiction. Accordingly, Bonci's Motion to Amend is due to be denied.

12

## IV.   CONCLUSION

For the above stated reasons it is the RECOMMENDATION of the Magistrate Judge that the Motion to Dismiss, or in the alternative, Motion for Summary Judgment (Doc. #10) be GRANTED; Summary Judgment should be GRANTED as to claims one through four of the Complaint, and claims five through seven of the Complaint should be DISMISSED.  In addition, the Motion to Amend (Doc. #21) be DENIED as futile.  Further, it is

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **19 August 2009**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982);  *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982);  *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on

September 30, 1981).

Done this 6th day of August, 2009.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE